30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas H. SMITH, Plaintiff-Appellant,
v.
Marie JESSOP, Sandra McClellan, Pamela Humphries, Deputy
Murdock, Jack Webb, Reggie Brown, Kevin Brooks,
Joanna Mack, Defendants-Appellees.
 No. 93-4052.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1994.
 
 Before MOORE, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's order of January 26, 1993, dismissing plaintiff's civil rights action on the ground that it was time-barred. The district court ruled that Utah's two-year statute of limitations concerning actions brought pursuant to 42 U.S.C.1983, Utah Code Ann. 78-12-28(3), rather than its four-year residual statute of limitations, Utah Code Ann. 78-12-25(3), governed plaintiff's claims. The court noted that the "events giving rise to plaintiff's cause of action occurred no later than June 22, 1989," but plaintiff did not file his complaint until April 10, 1992, almost three years later. R., Vol. I, Tab 12 at 1-2.
 
 
 3
 Our disposition of this case is governed by our recent decision in Arnold v. Duchesne County, No.93-4046, 1994 WL 221382 (10th Cir. May 27,1994). We held in Arnold that Utah Code Ann. 78-12-28(3) is not consistent with the " 'purpose and nature' of section 1983" and "cannot be applied to section 1983 actions in Utah." Id. at * 3. Therefore, we conclude that the district court here erred in applying section 78-12-28(3) to bar plaintiff's civil rights action as untimely.
 
 
 4
 The judgment of the United States District Court for the District of Utah is REVERSED, and the case is REMANDED for further proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470